UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WESLEY VERNON JEFFERSON, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | CASE NO.   05-247 M <br><br><br> DETENTION ORDER |

Offense charged:       Murder 2nd Degree, in violation of Title 18, U.S.C., Section 1111 and 1153(a).

Date of Detention Hearing:   May 24, 2005.

The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Tessa Gorman. The defendant was represented by Jennifer Wellman.

The Government argued for detention, emphasizing that there is no more serious crime than murder. The Government noted the charge in the instant offense to be a grim and depraved crime, reflecting the defendant's absent respect for human life. Reinforcing the defendant's risk of danger, the Government noted the defendant's admitted use of illegal substances and extensive criminal history as further indication of danger and risk of flight.

The Government asserted that the defendant appears to have a lack of respect for authority; three false statements made to public servants suggest an inability to cooperate in this matter; and three probation violations demonstrate the defendant's inability to follow the

direction of a Court. According to the Government, the defendant's story of the victim's suicide, later confirmed to be homicide, is telling of the defendant's motivation to avoid prosecution. Finally, the Government verbalized additional concern of flight risk as the defendant reportedly has five alias names and four dates of birth.

The defense argued for release of the defendant, referring to the strong family support and numerous letters, which the defense asserted is telling of the defendant's character. Concurring that the allegations are serious, the defense maintained that the gravity of the charges does not imply a strong evidence of guilt.

The defense continued its argument for release, citing that the defendant is a twenty-one year old lifetime resident of Washington who was interviewed three times regarding the instant offense, cooperated and never fled. In closing, the defense submitted that the defendant has admitted to drug use, is open to drug treatment and/or mental health treatment, and is trying to face the charges as a productive member of society.

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The Court finds that there is nothing more tragic than the loss of life, as reflected in the instant offense. Due to the nature and seriousness of the crime alleged, the defendant's criminal history which is replete with conviction dating back to that of being a juvenile, and admitted substance abuse problems with cocaine and marijuana, release of the defendant would pose a heightened risk of danger to the community absent treatment for his addiction and what appears to be a problem with depression.

(2) Multiple witness statements connect the defendant to the offense. The weight of the evidence appears to be significant. The Court has not been given reasonable assurance for the safety of the community and therefore

cannot release the defendant due to the gravity of the charge. Thus, there is no condition or combination of conditions that would reasonably assure future court appearances or the safety of the community.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 25th day of May, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-